NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOUIS MAIRS,<br><br>    Petitioner,<br><br>  vs.<br><br>ROBERT AYERS, Warden,<br><br>    Respondent. | No. C 08-01886 JF (PR)<br><br>ORDER TO SHOW CAUSE<br><br><br><br>(Docket No. 3) |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Accordingly, Petitioner's motion for leave to proceed in forma pauperis (Docket No. 3) is DENIED as moot. The Court orders Respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the petition, Petitioner was convicted by a jury in the Superior Court of the State of California in and for Marin County of burglary with one prior conviction, and in July 2004, was sentenced to a term of seven years in state prison. (Pet. at 2.)

Petitioner alleges that he filed direct appeals which resulted with the California Court of Appeal affirming the judgment on November 15, 2005 and a summary denial by

the California Supreme Court. Petitioner also filed state habeas petitions in the state courts, with the state high court denying the writ on February 27, 2008. Petitioner filed the instant federal habeas petition on April 8, 2008.

## DISCUSSION

**A.  Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Legal Claims**

As grounds for federal habeas relief, Petitioner alleges: (1) the sentencing court's imposition of the aggravated term in this case violates his constitutional right to a finding of aggravation by a jury; and (2) the Superior Court abused its discretion in denying petitioner's Cunningham claims on the basis that Cunningham is not retroactive. (Pet. at 5.) Liberally construed, Petitioner's claims are cognizable under § 2254. The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.  The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.08\Mairs1886_osc.wpd         2

1  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
2  should not be granted.  Respondent shall file with the answer and serve on Petitioner a
3  copy of all portions of the state parole record that have been transcribed previously and
4  that are relevant to a determination of the issues presented by the petition.

5       If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
6  with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the
7  answer.

8       3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
9  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
10 Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file
11 with the Court and serve on Respondent an opposition or statement of non-opposition
12 **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court
13 and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

14      4.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
15 that all communications with the Court must be served on respondent by mailing a true
16 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
17 parties informed of any change of address by filing a separate paper captioned "Notice of
18 Change of Address."  He must comply with the Court's orders in a timely fashion.
19 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
20 to Federal Rule of Civil Procedure 41(b).

21      This order terminates Docket No. 3.

22      IT IS SO ORDERED.

23 DATED: __6/20/08_____

24                                    JEREMY FOGEL
                                   United States District Judge