*E-Filed 4/22/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID LOUIS MAIRS, | No. C 08-1886 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| ROBERT AYERS, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

In 2004, a Marin County Superior Court jury found petitioner guilty of commercial burglary and giving false information to a peace officer. (Ans., Ex. F. at 1.) Evidence presented at trial showed that in 2003 petitioner entered a hardware store with the intent to steal. (*Id*. at 2.) The trial court sentenced Petitioner to a total term of seven years. The trial court arrived at this sentence by imposing the aggravated term of three years for the burglary

conviction, then doubling it pursuant to Three Strikes,[1] and adding a one year enhancement because petitioner had served a prior prison term for committing a felony. (*Id.*, Ex. B at 337.) Petitioner was also sentenced to a concurrent term of six months for the giving of false information conviction. (*Id.*, Ex. F at 1.) After conviction, petitioner sought, and was denied, relief on direct and collateral state review.

As grounds for federal habeas relief, petitioner alleges that (1) his sentence violates his Sixth Amendment jury trial rights as they are articulated in *Cunningham v. California*, 549 U.S. 270 (2007); and (2) the superior court abused its discretion and violated his constitutional rights when it denied his *Cunningham* motion on the basis that *Cunningham* was not retroactive.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially

---

[1] California's Three Strikes law, which appears in California Penal Code section 667(b)–(i), was enacted by the Legislature and became effective March 7, 1994. The heart of the Three Strikes law is subdivision (e) of section 667, which prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies, *see* Cal. Penal Code § 667(d).

indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

## DISCUSSION

**1.    Imposition of an Aggravated Term**

Petitioner claims that the imposition of the aggravated, or upper, term sentence on the burglary conviction violated his Sixth Amendment rights.[2] (Pet. at 5.) The state appellate court disposed of this claim on state law grounds. (Ans., Ex. F at 4.)

In California, sentencing courts are to consider various aggravating and mitigating factors in determining whether to impose an upper term. *See* Cal. Rules of Court 4.421 & 4.423. A single aggravating factor is sufficient to authorize a California trial court to impose the upper term. *People v. Osband*, 13 Cal. 4th 622, 728 (Cal. 1996).

At sentencing, the trial court, not the jury, weighed various aggravating and mitigating circumstances in deciding whether to impose the upper term. The trial court found as an aggravating factor under Cal. Rule of Court ("CRC") 4.421(b)(1) that petitioner had two prior convictions for crimes involving force, namely, an armed bank robbery, and a petty theft during which he used a knife to effectuate an escape. (Ans., Ex. B at 335.) Another

---

[2] Petitioner claims only that the trial court should not have imposed the aggravated term of three years. Petitioner does not challenge the trial court's use of Three Strikes to double the sentence, or the imposition of the one-year enhancement.

aggravating factor was that petitioner had served a prior prison term, a circumstance listed under CRC 4.421(b)(3). (*Id.*) Petitioner having been on parole when he committed the instant offenses was also a factor in aggravation, which is listed under CRC 4.421(b)(4). (*Id.*) The trial court found that there were no circumstances in mitigation. (*Id.* at 335–37.)

The Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The "statutory maximum" discussed in *Apprendi* is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum he could impose without any additional findings. *Blakely v. Washington*, 542 U. S. 296, 303–04 (2004). In California, the middle term is deemed the statutory maximum, and thus the imposition of the upper term, such as in the instant case, can implicate a criminal defendant's *Apprendi* rights. *See Cunningham v. California*, 549 U.S. 270, 293 (2007).

Petitioner's upper term sentence is self-evidently erroneous under *Cunningham*. Specifically, the factors used by the trial court was not based on facts admitted by petitioner or reflected in the jury's verdict, but on the trial court's independent findings. Therefore, the imposition of the upper term, thereby increasing petitioner's sentence beyond the statutory maximum, based on the factor cited by the trial court, is unconstitutional under *Cunningham*.

However, *Blakely* and *Apprendi* sentencing errors are subject to a harmless error analysis. *Washington v. Recuenco*, 548 U.S. 212, 221 (2006). Applying *Brecht v. Abrahamson*, 507 U.S. 619 (1993), the Court must determine whether "the error had a substantial and injurious effect" on petitioner's sentence. *Hoffman v. Arave*, 236 F.3d 523, 540 (9th Cir.2001) (internal quotation marks omitted). Under that standard, the Court must grant relief if it is in "grave doubt" as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt. *O'Neal v. McAninch*, 513 U.S. 432, 436

1  (1995). Grave doubt exists when, "in the judge's mind, the matter is so evenly balanced that
2  he feels himself in virtual equipoise as to the harmlessness of the error." *Id*. at 435.

3      Applying these legal principles to the instant matter, the Court concludes that the error
4  was harmless. In sum, sufficient evidence exists in the record to support the trial court's
5  imposition of the upper term based on the aggravating circumstances listed above. Petitioner
6  has never disputed the veracity of the aggravating circumstances given at sentencing. On
7  such evidence, and in light of the highly deferential AEDPA standard, the Court does not
8  have "grave doubts" as to whether a jury would have found the relevant aggravating factors
9  beyond a reasonable doubt, and, accordingly, the Court must deny petitioner habeas relief on
10 his sentencing claim. Accordingly, petitioner's claim is DENIED.

11 **2.     Superior Court's Denial of Cunningham Motion**

12     Petitioner claims that the superior court's denial of petitioner's *Cunningham* motion
13 on the grounds that such case was not retroactive was improper and violated his
14 constitutional rights. (Pet. at 5.)

15     Having determined that any *Cunningham* error was harmless, petitioner's claim
16 regarding the superior court is denied on the same grounds. Accordingly, petitioner's claim
17 is DENIED.

## CONCLUSION

19     The state court's adjudication of the claim did not result in a decision that was
20 contrary to, or involved an unreasonable application of, clearly established federal law, nor
21 did it result in a decision that was based on an unreasonable determination of the facts in
22 light of the evidence presented in the state court proceeding. Accordingly, the petition is
23 DENIED.

24     A certificate of appealability will not issue. Reasonable jurists would not "find the
25 district court's assessment of the constitutional claims debatable or wrong." Slack v.
26 McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from
27 the Court of Appeals.

28

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: April 21, 2010

RICHARD SEEBORG
United States District Judge

**United States District Court**
**For the Northern District of California**

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

David Louis Mairs
378 Via La Cumbre
Greenbrae, CA 94904

DATED: 04/22/2010

s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.